IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EDMUND M. ABORDO, | ) | Civ. No. 11-00327 JMS/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | PRELIMINARY INJUNCTION/ |
| vs. | ) | TEMPORARY RESTRAINING |
| | ) | ORDER |
| CORRECTIONS CORPORATION | ) | |
| OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER

Before the court is Plaintiff's Motion for Preliminary Injunction/ Temporary Restraining Order ("Motion"). Doc. No. 13. Plaintiff is a Hawaii inmate incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona. Plaintiff seeks an order enjoining SCC officials from retaliating against him for filing this action. Plaintiff's Motion is DENIED.

## I. BACKGROUND

Plaintiff filed this action in the Circuit Court of the First Circuit, State of Hawaii, on March 15, 2011, naming the Corrections Corporation of America ("CCA") and SCC Warden Todd Thomas, as defendants (collectively,

"Defendants").[1]  Plaintiff's Complaint alleges that Defendants: (1) are involved in racketeering activities in violation of Hawaii Revised Statutes § 842 *et seq.* (organized crime), and 18 U.S.C. § 1961 *et seq.* ("RICO"); (2) discriminated against him in violation of the Fourteenth Amendment; and (3) committed theft, robbery, extortion, and conspiracy in violation of various state and federal laws. Defendants timely removed the case to this court on May 23, 2011, pursuant to 28 U.S.C. § 1441(b).  *See* Doc. No. 1.

On June 3, 2011, Plaintiff filed this Motion, seeking an order enjoining Defendants from retaliating against him for exercising his First Amendment rights to petition the court.  *See* Doc. No. 13 at 2.  Although somewhat unclear, Plaintiff apparently fears Defendants will retaliate against him for filing this action.

## II.  LEGAL STANDARD

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  *See G. v. State of Haw., Dep't of Human Servs.*, 2009 WL 2877597 (D. Haw. Sept. 4, 2009); *Schoenlein v. Halawa Corr. Facility*, 2008 WL 2437744 (D. Haw. June 13, 2008).

---

[1] CCA operates SCC, providing correctional services for the Hawaii Department of Public Safety.

A "preliminary injunction is an extraordinary and drastic remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 376 (2008) (citation omitted).  A "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.*, 129 S. Ct. at 374; *accord Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009).

"That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135-36 (9th Cir. 2011) (citing *Clear Channel Outdoor, Inc. v. City of L.A.*, 340 F.3d 810, 813 (9th Cir. 2003)).  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

### III. <u>DISCUSSION</u>

Plaintiff's *ex parte* request for immediate injunctive relief fails for a simple reason -- a court may grant intermediate injunctive relief only if that relief is similar or related to the type of relief that may ultimately be granted; relief is not proper on matters lying wholly outside of the issues at suit. *DeBeers Consol. Mines v. United States.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), *amended*, 131 F.3d 950 (11th Cir. 1997). That is, in addition to showing the four *Winter* factors, "the movant must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (holding that an Eighth Amendment claim cannot provide a basis for preliminary injunction against alleged acts in retaliation for filing claim); *Grindling v. State*, 2009 WL 3923166, at *2 (D. Haw. Nov. 18, 2009) (stating "Plaintiff must seek injunctive relief related to the merits of the claims set forth in his complaint").

Plaintiff seeks a restraining order to prevent Defendants from retaliating against him for filing this suit. Plaintiff's putative claims for retaliation and denial of access to the court have no relation to the claims he raises in this action. Although Plaintiff fails to present sufficient facts supporting his Motion,

any attempt to show a likelihood of success on the merits of a retaliation or denial of access to the court claim could not establish likelihood of success on the merits of the claims in Plaintiff's Complaint. *See, e.g., Santos v. J.P. Morgan Chase Bank, N.A.*, 2010 WL 5313740 (C.D. Cal. Dec. 17, 2010) (holding that plaintiff's attempts to restrain foreclosure as invalid under California law could not show a likelihood of success on the merits of the federal complaint, which did not allege a violation of California law).

Moreover, Plaintiff has not shown that he will suffer irreparable harm if this Motion is not granted.  Plaintiff filed this action almost three months ago, yet he details no retaliatory action that Defendants have taken against him in response.  This Motion, based on Plaintiff's speculative fears of retaliation, appears to be a calculated attempt to prevent this action from being transferred to Arizona rather than on any identifiable and imminent fear of reprisal.[2]  Plaintiff was clearly able to file this action and has suffered no retaliatory acts yet.  Thus, his right to petition or access the court has not been infringed.  Plaintiff is not entitled to a temporary restraining order or preliminary injunction on these new and completely hypothetical claims.

---

[2] An Order to Show Cause and Defendants' Motion to Change Venue regarding the propriety of a change venue of this action to the U.S. District Court for the District of Arizona is currently pending before the court. *See* Doc. Nos. 7 & 8.

Finally, Plaintiff has accumulated three strikes pursuant to 28 U.S.C. § 1915(g).[3]  In the Motion, Plaintiff refers to his most recent action in Arizona, *Abordo v. Corr. Corp. of America*, Civ. No. 07-2134-PHX (D. Ariz. 2008), but does not explain that the action and a similar motion for injunctive relief in it were dismissed pursuant to § 1915(g).  *See id.*, Doc. No. 9.  By filing this Motion alleging new and separate claims against Arizona defendants, rather than filing an action in Arizona, it appears that Plaintiff is trying to circumvent the three strikes bar to which he is subject.  Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 8, 2011.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Abordo v. Corr. Corp. of Am.*, Civ. No. 11-00327 JMS/BMK; Order Denying Motion for Preliminary Injunction/Temporary Restraining Order; psas\TROs\ Abordo 11-327 JMS

---

[3] *See Abordo v. Beaver*, Civ. No. 97-01099 (D. Haw. 1997); *Abordo v. Beaver,* Civ. No. 00-00002 (D. Haw. 2000); *Abordo v. Dep't of Public Safety*, Civ. No. 06-00423 (D. Haw. 2006) (warning that final dismissal of the action would constitute a third strike for purposes of 28 U.S.C. § 1915(g)); and *Abordo v. Corr. Corp. of Am.*, Civ. No. 07-2134-PHX (D. Ariz. 2008) (applying § 1915(g) when dismissing case).