IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EDMUND M. ABORDO, | ) | CIV. NO. 11-00327 JMS/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | TRANSFER ORDER |
| vs. | ) | |
| | ) | |
| CORRECTIONS CORP. OF | ) | |
| AMERICA, INC., and WARDEN | ) | |
| TODD THOMAS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>TRANSFER ORDER</u>**

Plaintiff is a Hawaii state prisoner incarcerated at the Saguaro

Correctional Center ("SCC"), in Eloy, Arizona.[1]  On May 23, 2011, Defendants

Corrections Corporation of America ("CCA") and SCC Warden Todd Thomas

timely removed this action from the Circuit Court of the First Circuit, State of

Hawaii, pursuant to 28 U.S.C. § 1441(b).  *See* Doc. No. 1.  Before the court is

Defendants' Motion to Change Venue,  Doc. No. 7, and this court's Order to Show

Cause Why Case Should Not Be Transferred.[2]  Doc. No. 8 ("Order to Show

---

[1] The Hawaii Department of Public Safety ("DPS") contracts for correctional services with Corrections Corporation of America, which operates SCC.

[2] The court issued its OSC on May 27, 2011, before Defendants filed their Motion to Change Venue on the same date.  The Defendants elected to have their Motion to Change Venue also serve as their response to the OSC.  Doc. Nos. 10, 11.

Cause").  In the interests of justice and for the convenience of the parties and witnesses this action is TRANSFERRED to the U.S. District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a).

## I. BACKGROUND

Plaintiff commenced this action in the state court on May 15, 2011.[3]
*See* Doc. No. 1, Ex. 1, Compl.  Plaintiff alleges that Defendants (1) are involved in racketeering activities in violation of Hawaii Revised Statutes § 842 *et seq.* (organized crime), and 18 U.S.C. § 1961 *et seq.* ("RICO"); (2) discriminated against him in violation of the Fourteenth Amendment; and (3) committed theft, robbery, extortion, and conspiracy in violation of various state and federal laws.

## II. LEGAL STANDARDS

The removal statute, rather than the general venue statute, governs venue in cases removed from state court.  *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953).  Venue of a properly removed action is in the "district of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Section 1404(a) provides, however, that

---

[3] Plaintiff has accrued three strikes pursuant to 28 U.S.C. § 1915(g).  *See Abordo v. Dep't of Public Safety*, Civ. No. 06-00423 SOM (D. Haw. 2006) (dismissed for failure to state a claim); *Abordo v. Garcia*, Civ. No. 00-00002 DAE (D. Haw. 2000) (same); *Abordo v. Beaver,* Civ. No. 97-01099 DAE (D. Haw. 1997) (same).  He is therefore barred from commencing an action in the federal courts without prepayment of the filing fee unless he is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

"[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Thus, although removal constitutes a waiver of any venue objection, after removal the parties are free to move to transfer the action to a different division "[f]or the convenience of the parties and the witnesses."  28 U.S.C. § 1404(a).

"Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)) (quotation marks omitted).  To transfer a case, a defendant must first show that the transferee court is one in which the action could have been commenced originally. Second, defendant must show that transfer would result in greater convenience to the parties and witnesses, as well as advance the interest of justice.  28 U.S.C. § 1404(a).

### III.  DISCUSSION

Plaintiff alleges violations of state and federal law, as well as a violation of the Fourteenth Amendment to the United States Constitution.  Venue was therefore proper in this court when it was removed from the Hawaii state

court.  *See* 28 U.S.C. § 1441.

**A.     28 U.S.C. § 1404(a) Factors**

In determining whether to transfer a case pursuant to § 1404(a), the court must weigh several public and private factors, including: (1) the plaintiff's choice of forum; (2) the location where the relevant agreements were negotiated and executed; (3) the respective parties' contacts with the forum; (4) the contacts relating to the plaintiff's cause of action in the chosen forum; (5) the differences in the costs of litigation in the two forums; (6) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (7) the ease of access to sources of proof; and (8) the state that is most familiar with the governing law. *Jones*, 211 F.3d at 498-99; *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).  "Ultimately, the moving party has the burden of showing that an alternative forum is the more appropriate forum for the action."  *Tamashiro v. Harvey*, 487 F. Supp. 2d 1162, 1168 (D. Haw. 2006) (citation omitted).

**B.     Analysis**

Section 1404(a)'s factors favor transfer here.  First, although there is a strong presumption in favor of a plaintiff's choice of forum, *see Creative Tech., Ltd. v. Aztech Sys.*, 61 F.3d 696, 703 (9th Cir. 1995), when a plaintiff does not reside in the forum, that preference is given considerably less weight.  *See*

4

Schwarzer et al., *Fed. Civ. P. Before Trial* § 4:761 (2008) (citing *New Image, Inc.*

*v. Travelers Indem. Co.*, 536 F. Supp. 58, 59 (E.D. Pa. 1981); *Bryant v. ITT Corp.*,

48 F. Supp. 2d 829, 832 (N.D. Ill. 1999)); *see also Sweet-Reddy v. Vons Cos.*,

2007 WL 841792, at *2 (N.D. Cal. Mar. 20, 2007) (finding that deference to

plaintiff's choice of forum is diminished where plaintiff does not reside in chosen

forum and none of the events alleged in the complaint occurred there).  Plaintiff is

incarcerated in Arizona and, based on a review of Plaintiff's past actions filed in

this court, he has not resided in Hawaii since at least 1997.  The other unnamed

Hawaii inmates who Plaintiff alleges were harmed by Defendants' actions are also

incarcerated in Arizona.  Defendants do not live in or have significant contacts

with Hawaii: Thomas resides and is employed in Arizona and CCA is incorporated

in Tennessee and operates SCC in Arizona.  This factor favors transfer to Arizona.

Second, Plaintiff does not allege a breach of contract claim or name

the State of Hawaii as a defendant.  Therefore the location of the contractual

agreement between CCA and the State of Hawaii does not affect this

determination.  If Plaintiff had alleged a breach of contract claim and had standing

to enforce it, however, venue inquiries in contract claims are determined by the

"place of intended performance rather than the place of repudiation."  *Decker Coal*

*Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) (citations

omitted).  The place of intended performance of the contract between CCA and the State of Hawaii is Arizona, not Hawaii.  This factor is neutral.

Third, the sources of evidence supporting Plaintiff's claims, such as SCC and CCA institutional and employee records, and Plaintiff's institutional records, are located in Arizona.  Moreover, this court lacks subpoena power over any SCC employees and inmates who live in Arizona and may be unwilling to be called as witnesses.  This factor favors transfer to Arizona.

Fourth, the events giving rise to Plaintiff's claims indisputably occurred in Arizona, not Hawaii.  Plaintiff complains that SCC employees in Arizona, under the direction or supervision of Defendants, engaged in illegal conduct resulting in the violation of his constitutional rights and loss of property. There are *no* significant contacts between Plaintiff's cause of action and Hawaii, other than Plaintiff's status as a Hawaii inmate and his attempt to transform his loss of property tort claims into violations of Hawaii state law rather than Arizona state law.

Moreover, Plaintiff's argument that he will lose his state law claims and be forced to amend his Complaint to conform to Arizona state law if this action is transferred to Arizona is misplaced.  When a district court exercises supplemental jurisdiction over state law claims, it applies the choice-of-law rules

of the forum state.  *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1080 (9th Cir. 2009).

After a transfer pursuant to § 1404(a), however, "the transferee district court

generally must apply the state law that the transferor district court would have

applied had the case not been transferred."  *Shannon-Vail Five Inc. v. Bunch*, 270

F.3d 1207, 1210 (9th Cir. 2001); *see also Van Dusen v. Barrack*, 376 U.S. 612, 639

(1964) ("[A] change of venue under § 1404(a) generally should be, with respect to

state law, but a change of courtrooms.").  Because this case will be transferred

from the District of Hawaii pursuant to § 1404(a), Hawaii law should guide the

Arizona court's choice-of-law analysis.[4]  Plaintiff will neither lose his state law

causes of action nor be forced to amend his Complaint as a consequence of the

transfer of this action.  This factor is neutral.

Fifth, the costs of litigation strongly favor transfer of this action to the

District of Arizona.  If this case proceeds to trial, the State of Hawaii would be

forced to bear the expense of transporting Plaintiff to Hawaii, with the attendant

---

[4] While this court makes no determination over the choice of law to be applied once this action is transferred, under Hawaii's choice-of-law rules, the court looks "to the state with the most significant relationship to the parties and subject matter."  *Roxas v. Marcos*, 89 Haw. 91, 117 n.16, 969 P.2d 1209, 1235 (1998).  The court should consider: (1) where relevant events occurred, (2) the residence of the parties, and (3) whether any of the parties had any particular ties to one jurisdiction or the other.  *See id.*  The court also looks to the Restatement (Second) of Conflicts of Laws, which provides that tort liability is determined by "the local law of the state where the injury occurred," unless another state has a more significant relationship.  Restatement (Second) of Conflict of Laws § 146 (1971); *see UARCO Inc. v. Lam*, 18 F. Supp. 2d 1116, 1123 (D. Haw. 1998).

correctional costs for his supervision during the transfer and while he is in Hawaii.

At the conclusion of trial, the State will be required to bear the expense of

transferring Plaintiff back to Arizona.  Defendants' costs to defend this suit in

Hawaii will also be significant, including transportation to and lodging in Hawaii

for Defendant CCA officials, Warden Thomas, and other SCC employees, as well

as the lost wages for SCC and CCA employees incurred traveling to, from, and

during trial.  Plaintiff's argument that it will be more costly for him to prosecute

this action in Arizona is simply not credible.  Defendants paid the federal filing fee

when this action was removed and any other trial costs incurred by Plaintiff will be

the same in either district court.  This factor strongly favors transfer of this action

to Arizona.

        The remaining factors are either neutral or favor transfer. With respect

to the familiarity with Plaintiff's claims and relative court congestion, there is no

evidence before the court that this district is more favorable than the District of

Arizona for resolution of these claims.  To the contrary, if either court has a

stronger interest in the controversy, it is the District of Arizona, which is the site of

several prisons owned and operated by CCA.  Moreover, while the law applied

may be the same in either district, including the claims brought under Hawaii state

law, the events giving rise to Plaintiff's claims took place in Arizona. Thus,

Arizona's local interest in the controversy is stronger than this district's, because the events at issue took place there.

Because deference to Plaintiff's choice of forum is limited by the fact that he resides in Arizona, and because it would be substantially more convenient for the witnesses and both parties, transfer of venue to the District of Arizona would serve the convenience of the parties and witnesses and would promote the interests of justice.

## IV.  CONCLUSION

This action is TRANSFERRED to the United States District Court for the District of Arizona.  The Clerk of Court is DIRECTED to close the file and send any pending motions or further documents received from Plaintiff to the United States District Court for the District of Arizona.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 30, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Abordo v. Corr. Corp. of Am. et al.*, Civ. No. 11-00327 JMS/BMK; Transfer Order; psas/trsfr or venue/dmp/2011/ Abordo 11-327 jms